UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
RAFAEL PEREZ,

    Plaintiff,

 -against-

CORRECTION OFFICER R. HEWITT, CORRECTION
OFFICER JEFF WHITE, CORRECTION OFFICER
W. WHITE, CORRECTION OFFICER SINGLETON,
CORRECTION OFFICER F. CARABELLO,
CORRECTION OFFICER M. BLOT, and
CORRECTION OFFICER APONTE,

    Defendants.
------------------------------------------X

04 Civ. 10112 (KMW)
OPINION AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/08

KIMBA M. WOOD, U.S.D.J.:

 Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was imprisoned at the New York State Sing Sing Correctional Facility.[1] In his Complaint, Plaintiff alleges that Defendants assaulted him, causing severe bodily injuries (the "alleged incident"), and maliciously initiated criminal proceedings against him without probable cause. Plaintiff asserts the following constitutional claims against Defendants: (1) excessive use of force; (2) malicious prosecution; (3) malicious abuse of

---

[1] Defendants are all New York State Department of Correctional Services officers.

1

process; and (4) false arrest and false imprisonment.[2]

On May 16, 2007, Defendants moved for partial summary judgment with respect to Plaintiff's claims.[3] Defendants argued that the Court should (1) grant summary judgment to all Defendants with respect to Plaintiff's malicious prosecution, malicious abuse of process, and false arrest and false imprisonment claims (the "Disciplinary Claims"), because Defendants never criminally prosecuted Plaintiff; and (2) grant summary judgment to Defendants Aponte, Jeff White ("White"), and Singleton (together, the "Three Defendants") with respect to Plaintiff's excessive use of force claim, because they were not personally involved in the alleged abuses. The Court referred this motion to Magistrate Judge Kevin N. Fox.

On September 25, 2007, Magistrate Judge Fox issued a Report and Recommendation ("Report"), familiarity with which is assumed, recommending that the Court (1) grant Defendants summary judgment

---

[2] Although the Complaint asserts a claim against Defendants for false imprisonment, the parties' briefing assumes that Plaintiff alleges a single claim for false arrest and false imprisonment. Because false arrest and false imprisonment have identical elements, the Court treats these claims as identical. See Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991) ("In New York, the tort of false arrest is synonymous with that of false imprisonment."); Jaegly v. Couch, 439 F.3d 149, 151-52 (2d Cir. 2006) (noting that in analyzing § 1983 claims for unconstitutional false arrest or false imprisonment, courts "generally look[] to the law of the state in which the arrest occurred").

[3] Defendant W. White was allegedly never served with the Complaint and did not join in Defendants' motion.

2

with respect to Plaintiff's Disciplinary Claims, and (2) deny summary judgment to the Three Defendants with respect to Plaintiff's excessive use of force claim. The Three Defendants filed timely written objections to the Report's recommendation that the Court deny them summary judgment on the excessive use of force claim.

For the reasons stated below, the Court adopts the Report in part. The Court (1) grants Defendants summary judgment with respect to the Disciplinary Claims; (2) treats the Three Defendants' objections as a renewed motion for summary judgment with respect to Plaintiff's excessive use of force claim; and (3) sets a briefing schedule for this renewed motion for summary judgment.

I. Disciplinary Claims

The Report recommended that the Court grant Defendants summary judgment with respect to the Disciplinary Claims. The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), in conjunction with Rules 6(a) and 6(e), of the Federal Rules of Civil Procedure, they had ten days from service of the Report to serve and file any objections. The Report explicitly cautioned that failure to file timely objections would preclude appellate review. See Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as

a waiver of any further judicial review of the magistrate's decision. The Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object.") (citation omitted). Plaintiff did not object to the Report's recommendation, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). Accordingly, the Court reviews the Report only for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court adopts the Report's recommendations with respect to the Disciplinary Claims, but clarifies its reasoning below.

A. Malicious Prosecution and Malicious Abuse of Process

The Report recommended that the Court grant Defendants summary judgment with respect to Plaintiff's malicious prosecution and malicious abuse of process claims, because it is undisputed that Defendants never initiated criminal proceedings against Plaintiff. See Report 6.[4] The Court adopts this recommendation. In order to establish a § 1983 claim for malicious prosecution, Plaintiff "must show . . . the defendant[s] commenced a criminal proceeding against him." Cook

---

[4] Although Plaintiff did undergo a disciplinary hearing following the alleged incident, "[p]rison disciplinary proceedings are not part of a criminal prosecution." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

4

v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994). Likewise, § 1983 liability generally "may not be predicated on a claim for malicious abuse of process," Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992), with the exception of "malicious abuse of criminal process," Cook, 41 F.3d at 80. Because Defendants never initiated criminal proceedings against Plaintiff, Plaintiff cannot state a claim for malicious prosecution or malicious abuse of process against them. The Court therefore grants Defendants summary judgment on these claims.

B. False Arrest and False Imprisonment

The Report recommended that the Court grant summary judgment to Defendants with respect to Plaintiff's false arrest and false imprisonment claim. For the reasons stated below, the Court adopts this recommendation and grants Defendants summary judgment on this claim.

"[A] § 1983 claim for false arrest derives from [an individual's] Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." Jaegly v. Couch, 439 F.3d 149, 151-52 (2d Cir. 2006). Defendants argue that Plaintiff's false arrest and false imprisonment claim should be dismissed because he does not allege that Defendants formally arrested him or confined him pursuant to a new criminal prosecution following

5

the alleged incident. Plaintiff responds that summary judgment should be denied because Defendants acknowledge that they handcuffed and physically restrained Plaintiff, and because there is a dispute of fact regarding whether Defendants used excessive force against Plaintiff. Plaintiff argues that these allegations support a claim of false arrest. See Posr v. Doherty, 944 F.2d 91, 98 (2d Cir. 1991) ("An arrest need not be formal [to constitute a false arrest]; it may occur even if the formal words of arrest have not been spoken provided that the subject is restrained and his freedom of movement is restricted."). Plaintiff's argument is unavailing.

First, inmates retain only a "limited right to bodily privacy" under the Fourth Amendment. Covino v. Patrissi, 967 F.2d 73, 78 (2d Cir. 1992); see also Cook v. City of New York, 578 F. Supp. 179, 182 (S.D.N.Y. 1984) ("[A] state's undeniable interest in preserving internal order and discipline, maintaining institutional security, and pursuing legitimate penological goals justifies the imposition of significant restraints on traditional Fourth Amendment protections."). Because Plaintiff is a prison inmate, he does not have a reasonable expectation of privacy in his person such that prison guards could not restrain his movement absent probable cause for arrest.[5] See Hudson v.

---

[5] Plaintiff cites no case law supporting the conclusion that a correction officer's restraint of an inmate can constitute a "false arrest" under the Fourth Amendment.

6

Palmer, 468 U.S. 517, 525 (1984) ("The applicability of the Fourth Amendment turns on whether 'the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action.'") (quoting Smith v. Maryland, 442 U.S. 735, 740 (1979)).

Second, to the extent that Plaintiff challenges his restraint by Defendants because they used excessive force, Plaintiff already has an avenue for relief through the Eighth Amendment. See Romano v. Howarth, 998 F.2d 101, 104 (2d Cir. 1993) ("The Eighth Amendment protects prisoners from 'cruel and unusual punishment.' Thus, inmates have the right to be free from the 'unnecessary and wanton infliction of pain' at the hands of prison officials.") (citations omitted). Extending a Fourth Amendment remedy to Plaintiff is therefore unwarranted. See Hudson, 468 U.S. at 530 ("Our holding that respondent does not have a reasonable expectation of privacy enabling him to invoke the protections of the Fourth Amendment does not mean that he is without a remedy . . . . The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.'").

For these reasons, the Court adopts the Report's recommendation that the Court grant Defendants summary judgment with respect to the false arrest and false imprisonment claim.

II. Excessive Use of Force Claim

7

The Report also recommended that the Court deny summary judgment to the Three Defendants with respect to Plaintiff's excessive use of force claim. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted). Although the Three Defendants produced evidence that they were not at work on the day of the alleged incident, the Report concluded that they had not met their evidentiary burden for the purpose of granting summary judgment because their evidence was not properly submitted pursuant to Federal Rule of Civil Procedure 56(e).[6] See Report 4-5. The Three Defendants objected to this recommendation, and submitted new evidence in support of their allegation.[7] The Three Defendants argue that the Court should consider their objections as a renewed motion for summary judgment and afford Plaintiff an opportunity to respond to the new evidence. The Court agrees.

The Court has "discretion to consider supplemental evidence on its review of a Magistrate Judge's Report. Both § 636(b)(1)

---

[6] The Three Defendants submitted copies of their employment attendance records, but these copies were not sworn or certified as required by Rule 56(e).

[7] The Three Defendants submitted certified copies of their employment records and personal affidavits stating that they were not working on the date of the alleged incident.

8

and Fed. R. Civ. P. 72(b) explicitly permit the district court to receive additional evidence as part of its review [of a Magistrate Judge's Report]." Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998); see also 28 U.S.C. § 636(b)(1) ("[After receiving a Magistrate Judge's Report,] the [district] judge may . . . receive further evidence . . . ."); Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ."). Using its discretion, the Court concludes that it should consider the Three Defendants' additional evidence.

First, there is no indication that the Three Defendants' original failure to submit evidence in proper form was a "dilatory tactic[]," or that their delay in presenting this evidence to the Court worked to their strategic advantage. Mishkin v. Gurian, 497 F. Supp. 2d 520, 523 (S.D.N.Y. 2007) (refusing to consider new evidence in part because of the defendant's "strategic motives"). To the contrary, the Three Defendants' failure to submit evidence in proper form worked to their disadvantage.

Second, there is no indication that the Three Defendants' new evidence "lacks reliability." The Three Defendants' submissions are based on personal knowledge, and are consistent

9

with previous submissions to the Court. See Mishkin, 497 F. Supp. 2d at 523 (refusing to consider a defendant's new evidence in part because it was "replete with generalizations, conclusory statements, and hearsay references").

Finally, the Three Defendants' new evidence is highly relevant to Plaintiff's action against them. If the Three Defendants did not participate in the alleged incident, then Plaintiff has no Eighth Amendment claim against them for excessive use of force. Considering the Three Defendants' new evidence is therefore consistent with "the salutary purposes of summary judgment - avoiding protracted, expensive and harassing trials . . . ." Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).

Accordingly, the Court will consider the Three Defendants' objections as a renewed motion for summary judgment. See Kendall v. Vives, 03 Civ. 1618, 2007 U.S. Dist. LEXIS 22414 (S.D.N.Y. Mar. 29, 2007). Plaintiff shall have the opportunity to respond fully to the motion, and to examine and rebut the Three Defendants' newly-submitted evidence.

III. Conclusion

For the reasons stated above, the Court grants in part Defendants' motion for partial summary judgment (D.E. 23). The Court (1) grants Defendants summary judgment with respect to the Disciplinary Claims; and (2) construes the Three Defendants'

10

objections to the Report (D.E. 36) as a renewed motion for summary judgment with respect to Plaintiff's excessive use of force claim.

No later than March 28, 2008, Plaintiff may respond to Defendants' new evidence and submit opposing evidence to the Court. The Three Defendants may respond to any submission by Plaintiff no later than April 4, 2008. The Court hereby withdraws its reference to Magistrate Judge Fox (D.E. 8) with respect to the Three Defendants' renewed motion for summary judgment on the excessive use of force claim.

SO ORDERED

Dated:   New York
         March 21, 2008

                                    /s/ Kimba M. Wood
                                    _____
                                    Kimba M. Wood
                                    United States District Judge